UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES, | Case No. 3:10-cv-00205-EJL |
| Plaintiff, | 3:05-cr-00118-EJL |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ROBERT SCOTT LIPPERT, | |
| Defendant/Petitioner. | |

Before the Court is Defendant/Petitioner Robert Scott Lippert's Motion (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The motion is fully briefed and at issue. Being familiar with the record and having considered the briefing, the Court will deny the motion as set forth below.

## BACKGROUND

Defendant Lippert was indicted on charges of mail fraud and fraud to gain federal employees' compensation. (Dkt. 1 in criminal case).[1] Lippert made his first appearance and was arraigned on June 9, 2005, when he was released on conditions pending trial. (Dkt. 3). Between that time, and his trial which was ultimately begun September 18, 2007, Lippert – through counsel – moved to continue trial twelve times; the government moved for a continuance once.

All twelve of Lippert's motions were based on the need to prepare an adequate defense. In some requests, counsel for Lippert pointed to the fact that he was incarcerated on state charges and was unable to meet with counsel; in others, his request was premised on having just been transferred into federal custody. Also, Lippert's counsel cited health reasons – he had open heart surgery around May of 2007, and needed more time to recover. The government made one request for continuance, based on a primary prosecution witness being pregnant and unable to travel. The Court granted each motion, finding a need for more time for defendant to prepare an adequate defense, and finding excludable time under §§ 3161(h)(3)(A), (h)(7), and (h)(8).

Following a three-day jury trial, in September 2007, Lippert was convicted on all counts. (Dkt. 76). Following his sentencing in June 2008, Lippert appealed to the Ninth Circuit, arguing that the evidence at trial failed to support the crimes for which he was

---

[1]Throughout the Background section of this decision, docket entries refer to those entered in Defendant's criminal matter, Case No. 3:05-cr-00118-EJL, unless otherwise indicated.

**MEMORANDUM DECISION AND ORDER** – 2

charged. The appellate court affirmed Lippert's conviction in an unpublished decision issued on April 16, 2009.

In his § 2255 motion, timely filed on April 15, 2010, Lippert asserts the following grounds to vacate or set aside his sentence: (1) violation of the Speedy Trial Act, (2) ineffective assistance of counsel, and (3) prosecutorial misconduct.

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States;" (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of the maximum authorized by law;" or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b). Further, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.

**MEMORANDUM DECISION AND ORDER** – 3

1984), *cert. denied,* 470 U.S. 1058 (1985) (citations omitted); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . ." Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Court.  Thus, in order to withstand summary dismissal of his motion for relief under § 2255, the defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).

Where a motion under § 2255 is based on alleged constitutional or jurisdictional error, one must be careful to distinguish mere errors of law or fact.  *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982).  If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Hill*, 368 U.S. at 428).

Section 2255 is not a substitute for appeal.  *Addonizio*, 442 U.S. at 184.  "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255."  *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981).  Where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless he can demonstrate cause for and prejudice from the procedural default, or actual innocence.  *United States v. Ratigan*, 351 F.3d 957, 962 (2003)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  However, when a

**MEMORANDUM DECISION AND ORDER** – 4

particular issue "has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)(citations omitted).

## ANALYSIS

1.   **Request For Hearing**

Where a petitioner's allegations, "viewed against the record, fail to state a claim for relief," or where summary dismissal is otherwise warranted, the Court may deny an evidentiary hearing. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)(citations omitted). In a § 2255 motion, conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

As more fully expressed below, the Court finds that Lippert's allegations, when viewed against the record, fail to state a claim for relief. Accordingly, the Court finds a hearing is not warranted, but will summarily dismiss Lippert's claims.

2.    **Speedy Trial Act**

In this motion, Lippert raises for the first time, the alleged violation of his rights under the Speedy Trial Act. According to Lippert, he never waived his right to a speedy trial, despite the numerous continuance motions filed by his counsel. As noted above, where a defendant fails to raise an issue at trial or on appeal, the matter is procedurally barred unless he can show cause for and prejudice from the default, or actual innocence. *Ratigan*, 351 F.3d at 962.

**MEMORANDUM DECISION AND ORDER** – 5

Lippert has identified no cause for his failure to raise a speedy trial act claim prior to this § 2255 motion.  In arguing denial of a speedy trial, Lippert does not appear to dispute the Court's findings of excludable time and continuances to allow Lippert and his counsel adequate time to prepare.  Nor does Lippert argue that the delay, or his failure to object to it, was ultimately prejudicial to his defense at trial.  Indeed, while awaiting trial in this matter, Lippert was incarcerated on a state court conviction until June 2006.

Rather than challenging the effect of the delays, Lippert argues that he asked his defense counsel for a speedy trial but was ignored.  Lippert also asserts that his pre-trial incarceration (on the state court conviction), which was followed by detention in federal custody, caused him "anxiety and . . . impairment" of his defense.  (Motion, Dkt. 1 at 4). To the extent that this argument is intended to support his ineffective assistance of counsel claim, the Court will address those concerns next.  Lippert's allegation of a violation of his right to a speedy trial is otherwise found in procedural default.

3.      **Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is a basis for habeas relief, and need not be raised on direct appeal to preserve the issue for collateral attack.  *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011)(citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)).  Lippert has the burden of proving ineffective assistance of counsel, by showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984).

In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). A difference of opinion as to trial tactics will not satisfy a finding of ineffectiveness. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981). Regarding prejudice, the court considers "the totality of the evidence . . . and presume[s] that the judge or jury acted according to law." *Strickland*, 466 U.S. at 695.

According to Lippert, his counsel (1) made improper requests for continuance; (2) conducted an inadequate pretrial investigation; and (3) failed to call key defense witnesses at Lippert's request.

### A. Continuances of Trial

Lippert does not argue that continuances affected the *outcome* of his trial. Instead, he contends that the continuances adversely affected his federal *sentence*, because by the time he was tried and convicted on federal charges, he had been tried and convicted on state charges of Sexual Abuse of a Child. Missing in Lippert's argument are allegations that his counsel's requests for continuances, the Court's approval of those requests, or the Court's findings of excludable time, were inappropriate.

Lippert was indicted for mail fraud and first appeared in federal court on June 9, 2005, and released pending trial. (Dkt. 3 in criminal case). Sometime in August or September of 2005, Lippert was taken into custody on charges of Sexual Abuse of a Child. (Mot. to Continue, Dkt. 15 in criminal case). From his arrest through his conviction on the state charges, Lippert was unavailable for consultation with counsel on his federal charges. (Moran Dec., Dkt. 16-1 at 6). Lippert was convicted in state court at

**MEMORANDUM DECISION AND ORDER** – 7

the end of April 2006.  (Motion, Dkt. 1 at 6).  On or around June 20, 2006, Lippert was transferred to federal custody.  (Moran Dec., Dkt. 16-1 at 6).

The Court found that counsel's requests for continuance were proper, and that the continuances were necessary to permit adequate preparation of Lippert's defense.  Lippert has made no showing to the contrary.  Lippert has failed to connect his "anxiety and . . . impairment" of his defense, (Motion, Dkt. 1 at 4), to the performance of his counsel or to any resulting prejudice in the outcome of his case.  The Court therefore rejects Lippert's argument of ineffective assistance of counsel related to delays in his trial.

> **B.** **Failure to Obtain Necessary Evidence**

Lippert argues that his counsel failed to acquire his complete Federal Worker's Compensation file, necessary bank records, and medical records regarding a stroke Lippert suffered in 1999.  Also, Lippert challenges his counsel's failure to call key witnesses at trial.   However, Lippert has not shown that the absence of the described documents or testimony  – if indeed counsel failed to obtain them – harmed his case.

A defendant "has the ultimate authority to [decide] . . . whether to plead guilty, waive a jury, testify in his or her own behalf, or to take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). However, there is no constitutional right for a defendant to require presentation of points that counsel decides, in his or her professional judgment, not to pursue. *Id.* Counsel has the ultimate responsibility for his or her client's defense at trial, and therefore must have "wide latitude . . . in making tactical decisions" without need to consult the defendant.  *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Wainwright v. Sykes*, 433 U.S. 72, 93 (1977).

**MEMORANDUM DECISION AND ORDER** – 8

### (1) *Complete worker's compensation file*

According to Lippert, counsel should have pursued his complete Federal Employee Worker's Compensation file, because it contained verification that Lippert was treated for a back injury. (Motion, Dkt. 1 at 7). Lippert's counsel represents that she received all relevant materials needed for trial from Lippert's worker's compensation file; and Lippert does not dispute that his counsel obtained at least part of his worker's compensation file. Lippert was charged with providing false information regarding his earnings and employment on annual forms (Form CA-1032) submitted to the Office of Worker's Compensation Program (OWCP). Lippert has not shown how verification of treatment for a back injury from his worker's compensation file was necessary to defend against the charges against him, nor how he was otherwise prejudiced from counsel's alleged failure to secure such information. The Court therefore rejects this argument.

### (2) *Banking records*

Lippert also argues that counsel failed to obtain banking records from his wife, Pam Scott, that would have shown that he lacked control or authority over an account he shared with his wife. (Motion, Dkt. 1 at 7). The evidence at trial showed that Lippert did not have complete control over his bank account with his wife. Lippert has not demonstrated how obtaining additional records would have changed the outcome at trial. As to testimony by Lippert's daughter that she signed blank checks for her father, Lippert again fails to show that counsel was ineffective. The transcript reveals that counsel attempted to impeach Lippert's daughter at trial. (Trans. Vol. 2 at 145-46, Dkt. 16-3 at 14-15. Lippert has not established what counsel could have done differently, or that her

**MEMORANDUM DECISION AND ORDER** – 9

performance was otherwise deficient. The Court thus rejects Lippert's argument regarding the alleged failure to obtain bank records.

### (3) *Evidence to dispute signature*

In addition, Lippert argues that counsel failed to secure evidence of a stroke he suffered in 1999, that would have shown he could not read or write, and thus could not have signed forms in July 2000. (Motion, Dkt. 1 at 7-8). Lippert contends that he also asked counsel to call a handwriting expert to attest that the signature on the CA-1032 form at issue was that of his wife. And finally, Lippert argues that counsel failed to call witnesses to testify that they – but not Lippert – performed work for the Easy Auto Sales business.

In determining whether Lippert has met his burden of demonstrating deficient performance by counsel, the Court considers the evidence admitted at trial. There, witness testimonies about Lippert's activities between 1999 and 2001 challenge his assertion that he was debilitated. This evidence, including testimony by Lippert's daughters, showed that between 1999 and 2000, Lippert managed rental properties (Trans. Vol. 2, Dkts. 16-2 at 126-27 and 16-3 at 1), actively participated in the care of patients in his home healthcare business (Id., Dkts. 16-2 at 6-8 and 16-3 at 26-28), and participated in the Easy Auto Sales business (Id., Dkts. 16-2 at 5, 12-27, and 16-3 at 22-25). Lippert's daughter also testified that the signature on the CA-1032 form was Lippert's. (Id., Dkt. 16-3 at 9-10).

Given this evidence from trial, the Court finds Lippert's allegations insufficient to support that counsel's performance was deficient. Lippert concludes that the evidence his

**MEMORANDUM DECISION AND ORDER** – 10

counsel chose not to present at trial would have effectively refuted the government's evidence. But notably, Lippert has not identified or provided specific evidence to show he was unable to work or sign his name. Lippert's first mention of Doctor McKay by name appears in Lippert's Reply. Dkt. 31-2 at 5, 9-10. Also, although he argues otherwise in his Reply (Dkt. 31 at 10), the affidavit by his counsel provides that Lippert never indicated that he did not sign the CA-1032 forms. (Moran Dec. ¶ 10, Dkt. 16-1 at 8).

Lippert's conclusory allegations lack enough specificity or substance to warrant a conclusion that counsel's performance fell below a standard of objective reasonableness. *Strickland*, 466 U.S. 668, 689. Instead, they reveal a difference in opinion regarding trial strategy, inadequate to satisfy an ineffective assistance of counsel claim. *Mayo*, 646 F.2d at 375. The Court therefore rejects this argument by Lippert.

3.  **Prosecutorial Misconduct**

Lippert contends that the prosecution violated his right to substantive due process through "undignified and intemperate" presentation of facts, and "improper insinuations and assertions calculated to mislead" the jury. (Motion, Dkt. 1 at 10). Again, Lippert's allegations lack specificity.

For a substantive due process claim to be cognizable, the alleged official misconduct must "violate[ ] fundamental fairness and [be] 'shocking to the universal sense of justice.'" *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999) (citing *Kinsella v. United States*, 361 U.S. 234, 246 (1960)). Here, the prosecution's actions and conduct

**MEMORANDUM DECISION AND ORDER** – 11

before the court were all within the realm of proper conduct.  Also, having failed to raise this claim before, it is procedurally barred absent showing of cause and prejudice from the procedural default, or actual innocence.  *Ratigan*, 351 F.3d at 964.  Lippert has made no showing of any of these factors.

The Court will therefore deny Lippert's motion based on alleged violation of his substantive due process rights.

## ORDER

**IT IS ORDERED THAT** Defendant's Motion to Vacate or for Reduction in Sentence (Dkt. 1) is **DENIED**.

DATED:  **November 7, 2011**

Honorable Edward J. Lodge
U. S. District Judge